**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathryn L. Peters, a married woman,<br><br>    Plaintiff,<br><br>vs.<br><br>Aurora Loan Services, LLC, a foreign corporation; Mortgage Electronic Registration Systems, Inc., a Delaware corporation; John Does 1-5; Jane Does 1-5; ABC Corporations I-V; and XYZ Partnerships I-V,<br><br>    Defendants. | No. CV-10-2119-PHX-GMS<br><br>**ORDER** |

Pending before this Court is Defendants' Motion to Dismiss Plaintiff's Complaint, (Doc 8). For the reasons stated in this Order, that motion is granted.

**BACKGROUND**

Defendant Aurora Loan Services, LLC ("Aurora") is the assignee of a loan taken out by Plaintiff in March, 2006 to acquire property located at 2838 N. 88th Place in Mesa, Arizona. The original lender was First Magnus Financial Corporation, now in dissolution. Doc. 1, Att. 1 ¶ 2. The loan was secured by a deed of trust. Id. at ¶ 3. Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is the nominal beneficiary on the deed of trust solely for the benefit of the lender or the lender's successors and assigns. Id. at ¶ 4.

In October 2008 Plaintiff fell delinquent on note payments and entered into a forbearance agreement with Defendant Aurora in November 2009. *Id.* at ¶ 9. MERS

appointed Quality Loan Service Corporation as substitute Trustee on February 2, 2009. *Id.* at ¶ 10. On that same date, Quality Loan Service Corporation noticed a trustee's sale on the property for May 4, 2009. *Id.* at ¶ ¶ 11-12

Plaintiff filed her original Complaint in this matter in Maricopa County Superior Court in late September 2010. This action was removed to the federal court by Defendants the following month. Defendants Aurora and MERS, then moved to have the matter dismissed (Doc. 8).

## ANALYSIS

In her Complaint Plaintiff asserts claims for: (1) injunction against the trustee's sale of the subject property, (2) breach of contract, (3) tortious interference with use and enjoyment of property, (4) wrongful foreclosure, (5) quiet title (6) declaratory judgment for loan modification due to supervening impracticability or frustration; (7) declaratory judgment for discharge or modification based on third-party payment.

**I.  Injunction (Count One), Breach of Contract (Count Two) and Quiet Title (Count Five)**

According to Plaintiffs, the trustee's sale should be enjoined because (1) it is proceeding under color of a nominal, unlawful beneficiary, (2) without ownership of and possession of both the Note and Trust Deed, and (3) in breach of the notice requirements of the Trust Deed Contract. None of these claims have merit.

**A.  MERS is A Lawful Beneficiary And May Invoke The Statutory Rights Accorded To Beneficiaries**

Plaintiff asserts that, as a matter of law, making MERS the nominal beneficiary on the deed of trust as an agent for First Magnus or its successors or assigns separates the beneficial interest in the deed of trust from the promissory note that the deed of trust secures. This, Plaintiff alleges, makes MERS an invalid beneficiary.

Nevertheless, by the terms of the deed of trust itself, MERS is only a beneficiary for the benefit of the original lender on the promissory note and its subsequent successors and assigns. Therefore MERS can only exercise its rights as beneficiary on the behalf of the original lender or its assignees. To the extent it does so, the beneficial interest in the deed

- 2 -

of trust has not been separated from the lender or its successors, and no assignment by MERS is invalid.

Plaintiff makes the bare assertion that A.R.S. § 33-807 (2007) does not allow MERS as a nominal beneficiary to conduct a non-judicial foreclosure. But, as this Court has already observed, there is nothing in the statute that intimates, nor anything else in Arizona law that suggests, that the deed of trust cannot be foreclosed when it is held by a nominal beneficiary acting as the agent of the beneficiary of the promissory note or its successors or assigns. *Kane v. Bosco,* 2010 WL 4879177 at *11 (D. Ariz. Nov. 23, 2010); *Cervantes v. Countrywide Home Loans, Inc.,* 2009 WL 3`57160 at *10-11 (D. Ariz. Sept. 24, 2009).

Therefore, absent additional substantive allegations, Plaintiff's assertion that the deed of trust is void because it was "separated" from the promissory note itself, or that MERS could not execute an assignment of the deed of trust, fails to state a claim.

### B. This is Not an Action on the Note, There is No Requirement For Possession of the Actual Note, and the Deed of Trust is Not Negotiable

Plaintiff alleges that Defendants have no authority to foreclose on her home because Defendants were not holders in due course of the original promissory note. This theory, which is often referred to as "show me the note," has been soundly rejected by the District of Arizona. *Diessner v. Mortg. Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) ("[D]istrict courts have routinely held that Plaintiff's 'show me the note' argument lacks merit."); *See, e.g., Ciardi v. Lending Co.*, 2010 WL 2079735 (D. Ariz. May 24, 2010); *Silvas v. GMAC Mortg.*, 2009 WL 4573234 (D. Ariz. Dec. 1, 2009, amended Jan. 5, 2010); *Contreras v. U.S. Bank*, 2009 WL 4827016 (D. Ariz. Dec. 15, 2009).

The theory apparently set forth by Plaintiff that Defendants have to be the actual holder of both the deed of trust and the note is also unavailing. The deed of trust is not a negotiable instrument. *See, e.g., Rhoads v. Washington Mut. Bank, F.A.,* 2010 WL 1408888*3-4 (D. Ariz. 2010) (holding that a "deed of trust . . . is not an "instrument" under the Arizona Uniform Commercial Code–Negotiable Instruments.") Therefore, Defendants need not be in actual possession of the note and the deed of trust to conduct a non-judicial foreclosure.

*Rhoads* further establishes that to the extent any of Plaintiff's claims may be based on an asserted failure to comply with A.R.S. § 47-3101, *et seq.* such claims cannot be supported. The sale that Plaintiff seeks to enjoin would be "conducted pursuant to the trustee's power of sale, not at an action to enforce the Note." *Id.* at *3. Claims, therefore, based on the necessity of holding the note, or bringing an action on the note, are inapplicable.

Given that none of the above legal theories is cognizable, Plaintiff's reliance upon them to enjoin the non-judicial foreclosure of the deed of trust is unavailing. Such claims are dismissed with prejudice. *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2006) ("Dismissal is appropriate where the complaint lacks . . . a cognizable legal theory . . . .").

**C.     Plaintiff Previous Stipulated that Her Note had Been Accelerated.**

Plaintiff's Complaint alleges that Quality Loan Service, as purported trustee under the deed of trust, failed to comply with section 22 of the deed prior to noticing the deed of trust sale. Section 22 of the deed of trust requires the lender, prior to accelerating the note, to give notice of the note's acceleration to the borrower That notice, among other things, requires the lender to specify "a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured."

Defendants, however, claim that this requirement under the Deed of Trust, was either satisfied or waived by Plaintiff, when Plaintiff entered the forbearance agreement with Aurora in November 2009.[1]

The recitals in the forbearance agreement acknowledge not only that Plaintiff was in default, but, that as a result of that default Aurora had the right to accelerate and to require

---

[1]
  Because Plaintiff's complaint refers to both the Deed of Trust, Doc. 1 Exh. 1 at ¶ 6 and the forbearance agreement, *Id.* at ¶ 9, the Court may consider the content of those documents in a motion to dismiss, without converting the motion into one for summary judgment. *Tellabs, Inc. V. Makor Issues & Rights Ltd.,* 551 U.S. 308 (2007), *See also,* 5B Wright & Miller § 1357 (3d ed. 2004 and Supp. 2007).

- 4 -

Plaintiff "to make immediate payment in full" of the sums owed under the Note and secured by the deed of trust. The recitals go further and acknowledge that, in fact, Aurora "has so accelerated and declared due in full all such sums." In light of that acceleration acknowledged by Plaintiff in the recitals, the forbearance agreement further states that "the Note and Security Instrument are accelerated and the debt evidenced by the Note is due in full, the account remains in default, such Loan Documents remain accelerated, and such debt due in full." Having acknowledged that Aurora "has so accelerated and declared due in full all such sums," and that the acceleration remains in force, Plaintiff cannot now assert in her complaint that Aurora has not appropriately accelerated the note, and therefore could not notice a deed of trust sale.

Because none of the three theories asserted by Plaintiff in the Complaint entitles her to an injunction, Count One of the Complaint is dismissed. Because Plaintiff apparently asserts these same theories as a basis for her Breach of Contract (Count Two) and Quiet Title (Count Five) claims, those counts are also dismissed.

### D. Tortious Interference with Use and Enjoyment of Property (Count Three) and Wrongful Foreclosure (Count Four)

The gravamen of both counts three and four is that Defendants have a duty to exercise the power of sale under the deed of trust fairly and in good faith and that Defendants have allegedly breached that duty and intend to wrongfully exercise the power of sale. As a practical matter, it does not appear on the face of the Complaint that Defendants have, in fact, yet foreclosed the deed of trust, therefore, it is not clear that Plaintiff has a cause of action based in a wrongful foreclosure.

Further, those states that recognize the tort of wrongful foreclosure require the trustor to show that either he was not in default at the time of the foreclosure or that the foreclosing party caused the default. *Contreras v. U.S. Bank as Trustee for CSMC Mortgage Backed Pass-Through Certificates Series 2006-5,* 2009 WL 4827016 at *5 (D. Ariz. Dec. 15, 2009). Plaintiff has not alleged in her Complaint that she was not in default of the forbearance agreement. Plaintiff has alleged that she "made payments as agreed" prior to Defendants

- 5 -

1 rejecting and returning the April, 2010 payment. *See* Doc. 1, Att. 1 at ¶ 9. Yet, such allegations fall short of an allegation that she was not in default, and/or that her default was caused by the Defendants.

At any rate, Arizona courts have not yet recognized the tort of wrongful foreclosure. *Id.* Therefore, Plaintiff has not adequately pleaded such a claim.

**II. Declaratory Judgment for Loan Modification Due to Supervening Impracticability or Frustration (Count Six)**

Count Six fails to state a claim under Arizona law. The analysis of both the impracticability and frustration doctrines under Arizona law are exhaustively and authoritatively set forth in *7200 Scottsdale Road General Partners v. Kuhn Farm Machinery, Inc.,* 184 Ariz. 341, 909 P.2d 408 (Ct. App. 1995). Applying those principals to the facts as pleaded in the Complaint here, it nevertheless fails to state a claim for impracticability or frustration. As the court in *7200 Scottsdale Road* stated "mere economic impracticability is no defense to performance of a contract." *Id.* 184 Ariz. at 351, 909 P.2d 418. Count Six of the Complaint is, therefore dismissed.

**III. Declaratory Judgment for Discharge or Modification Based on Third-Party Payment. (Counts Seven)**

Plaintiff finally pleads, on information and belief, that as a condition of securitizing the mortgage payment that it collateralized, First Magnus insured to the investors, completely or in part, the payment of the obligations due under the note. Plaintiff does not allege, however, that she is in any way a third-party beneficiary of that hypothetical insurance agreement. Such pleading, without more, fails to state a claim on behalf of Plaintiff. To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action[;]" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference" that Plaintiff's claim may have merit. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

Plaintiff has not adequately plead sufficient facts to make any such claim plausible. Nor has she pled the necessary elements to state a claim as a third-party beneficiary.

**CONCLUSION**

Plaintiff has failed to state a viable claim in her Complaint. The Complaint, therefore, is dismissed with leave to seek to amend. Should Plaintiff seeks to bring a new amended complaint, however, she shall file a motion for leave to file an amended complaint no later than August 24, 2011. The motion shall attach the proposed amended complaint and shall otherwise follow the requirements of Arizona Local Rules of Civil Procedure 15.1. Plaintiff is advised that the Court will not authorize the filing of an amended complaint that is similar to the original Complaint. Any claim set forth in any amended complaint shall not set forth claims that this Court has already rejected as insufficient as a matter of law.

**IT IS THEREFORE ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 8) is granted with leave for Plaintiff to seek leave of court to amend her complaint on or before **August 24, 2011**.

2. If no such motion is filed by **August 24, 2011**, the Clerk of the Court is directed to terminate this action, without further notice.

DATED this 25th day of July, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge